UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

David Girard Hieb,

        Debtor.
_____/

Case No. 10-59251
Chapter 7
Hon. Steven Rhodes

Michael Snow,

        Plaintiff,

v.

Adv. Proceeding No. 10-06744

David Girard Hieb,

        Defendant.
_____/

**Opinion**

    This matter is before the Court following trial. The parties agree that the plaintiff gave $90,000 to the defendant to invest in certain real estate opportunities relating to the purchase and sale of properties following mortgage foreclosures during the redemption periods. The plaintiff contends that the defendant appropriated these funds to his own use and committed fraud against him by misrepresenting his intentions regarding the use of those funds. The plaintiff contends that the debt should be held nondischargeable under 11 U.S.C. § 523(a)(2)(A).[1] The debtor denies fraud and contends that the funds that he obtained from the plaintiff were used for the real estate opportunities as he represented. For the reasons stated below, the court concludes that the plaintiff

---

[1] The plaintiff also asserts a claim under 11 U.S.C. § 523(a)(4) for nondischargeability for defalcation in a fiduciary capacity. This claim is dismissed for lack of evidence of a fiduciary relationship or an express trust. *See Patel v. Shamrock Floorcovering Servs., Inc.* (*In re Patel*) 565 F.3d 963, 968 (6th Cir. 2009).

is entitled to a judgment that $83,976.52 is a nondischargeable debt under 11 U.S.C. § 523(a)(2)(A).[2]

Section 523(a)(2)(A) provides, in pertinent part, as follows:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
>
> . . . .
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A).

To prevail on his claim under this section, the plaintiff must establish: "(1) the debtor obtained money or services through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss." *Rembert v. AT & T Universal Card Servs., Inc.* (*In re Rembert*), 141 F.3d 277, 280-81 (6th Cir.1998).

The plaintiff bears the burden of proof by a preponderance of the evidence. *Grogan v. Garner*, 111 S. Ct. 654, 661 (1991).

The Court concludes that the plaintiff has met his burden of proving each of the elements. Specifically, the Court finds that the defendant represented to the plaintiff that he would use the plaintiff's investments for the real estate opportunity that the defendant described to the plaintiff; that

---

[2] The plaintiff also asserts that because of a previous state court judgment, the doctrine of collateral estoppel precludes the defendant from relitigating the fraud claim. In light of the resolution of the plaintiff's claim on the merits, it is unnecessary to address this issue at this time.

2

these representations were largely false in that the defendant actually used most of the funds for his own purposes; that the defendant knew that his representations were false when he made them and they were made with the intent to deceive the plaintiff; that the plaintiff justifiably relied on the defendant's false representations; and that the false representations were the proximate cause of the plaintiff's loss and damages.

To a great extent, the Court's findings are based on its determination regarding the credibility of the testimony of the two parties. The Court simply found the testimony of the plaintiff much more credible than that of the defendant. Accordingly, it accepts the testimony of the plaintiff and rejects that of the defendant.

The record establishes that of the $90,000 that the plaintiff invested with the defendant, the defendant used only $6,023.48 as he had represented to the plaintiff. Accordingly, the balance, $83,976.52, is a nondischargeable debt under 11 U.S.C. § 523(a)(2)(A).

An appropriate judgment will be entered.

Not for publication.

**Signed on June 23, 2011**

                                                      **/s/ Steven Rhodes**
                                                  **Steven Rhodes**
                                                  **United States Bankruptcy Judge**